1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   RASHAD DELRICO MACK,                    No.  2:13-cv-01110 TLN DAD P

12                  Petitioner,

13          v.                               FINDINGS AND RECOMMENDATIONS

14   J.N. KATAVICH,

15                  Respondent.

16

17   I.  Introduction

18          Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus

19   action filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2009 judgment of conviction

20   for first degree murder with a special circumstance upon which he was sentenced to life

21   imprisonment without the possibility of parole.

22          Pending before the court is respondent's motion to dismiss the petition on the ground that

23   petitioner commenced this action beyond the one-year statute of limitations established by the

24   Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).

25          For the reasons that follow, the undersigned recommends that respondent's motion to

26   dismiss be granted.

27   ////

28   ////

                                          1

II. <u>Legal Standards</u>

Respondent has moved to dismiss this action on the ground that is was commenced after expiration of AEDPA's one-year statute of limitations, without any entitlement to statutory or equitable tolling.

AEDPA provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

This limitations period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000).  "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th Cir. 2010).  <u>See</u> <u>also</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002).

In addition, the limitations period may be equitably tolled if a petitioner establishes that he diligently pursued his rights but some extraordinary circumstance stood in his way.  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006). "The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'" <u>Lakey v. Hickman</u>, 633 F.3d 782, 786 (9th Cir. 2011) (quoting <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1068 (9th Cir. 2006)).

III.  <u>Relevant Chronology</u>

The following is the chronology of relevant events in assessing application of the AEDPA statute of limitations in this case.

1      1. Petitioner was convicted on May 4, 2009, and sentenced on July 9, 2009, in the

2    Sacramento County Superior Court.  (ECF No. 1 (Petition) at 1.)

3      2. On June 7, 2011, the California Court of Appeal for the Third Appellate District,

4    affirmed that judgment of conviction.  See People v. Mack, Case No. C062717, 2011 WL

5    2306011 (Cal. App. 3d. 2011).

6      3. On August 17, 2011, the California Supreme Court denied petitioner's petition for

7    review.  (Resp't's MTD (ECF No. 13), Ex. A; Pet'r's Opp'n (ECF No. 16), Ex. A.)

8      4. On August 27, 2012,[1] petitioner filed a petition for writ of habeas corpus in the

9    Sacramento County Superior Court.  (ECF No. 13, Ex. B.)  The petition was denied on October

10   22, 2012, as untimely and on the merits.  (ECF No. 13, Exh. C; ECF No. 16, Ex. B.)

11     5. On December 10, 2012, petitioner filed a petition for writ of habeas corpus in the

12   California Court of Appeal for the Third Appellate District (ECF No. 13, Ex. D), which was

13   denied without comment or citation on December 20, 2012.  (ECF No. 13, Ex. E; ECF No. 16,

14   Ex. C.)

15     6. On January 14, 2013, petitioner filed a petition for writ of habeas corpus in the

16   California Supreme Court (ECF No. 13, Ex. F), which the court denied without comment or

17   citation on April 10, 2013 (ECF No. 13, Ex. G; ECF No. 16, Ex. D.)

18     7. On June 3, 2013, petitioner filed the instant federal petition for writ of habeas corpus

19   (ECF No. 1).

20   IV. Analysis

21     Following the California Supreme Court's denial of the petition for review on August 17,

22   2011, petitioner had ninety days (or until November 15, 2011)[2] to file a petition for writ of

23   certiorari in the United States Supreme Court.  See Rule 13, Supreme Court Rules.  However,

24   petitioner did not file a petition for writ of certiorari.  The AEDPA's limitation period for

25   

---

26   [1] This is the file-stamp date which appears on the petition. The operative filing date, however, is
the date petitioner signed and delivered the petition to prison authorities for mailing under the so-
27   called "mailbox rule."  See Houston v. Lack, 487 U.S. 266, 276 (1988).

28   [2] Respondent miscalculates this date as November 9, 2011.  (See ECF No. 13 at 3.)

1    petitioner's filing of a federal habeas petition therefore commenced on November 16, 2011, the

2    day after expiration of the period for his filing of a petition for writ of certiorari.  See Bowen v.

3    Roe, 188 F.3d 1157 (9th Cir. 1999) (The "period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A)

4    includes the period within which a petitioner can file a petition for a writ of certiorari from the

5    United States Supreme Court, whether or not the petitioner actually files such a petition.");

6    Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) in

7    determining that the commencement of AEDPA's limitations period excludes the last day of the

8    period allowed for seeking direct review).  Therefore, absent statutory or equitable tolling,

9    AEDPA's statute of limitations for petitioner's filing of a federal habeas petition expired one year

10   later, on November 16, 2012.

11          Respondent contends that the one-year limitations period was not statutorily tolled by the

12   filing of any of petitioner's state habeas petitions because the first such petition was untimely

13   filed and the subsequent petitions were denied on that basis.  Petitioner challenges this procedural

14   default argument by respondent on the following grounds:  (1) California's standards for

15   assessing the timeliness of habeas petitions are impermissibly vague; (2) the reasons for the

16   denial of petitioner's subsequently-filed state habeas petitions are unclear because those petitions

17   were denied without citation or comment by the state courts; and (3) petitioner was delayed in

18   filing his habeas petitions, although he "worked diligently investigating potential claims,"

19   because (a) he was required to seek post-conviction discovery , and (b) was "transferred and

20   relocated twice to separate institutions with limited resources and inadequate access to law

21   materials."  (ECF No. 16 at 4-7.)[3]

22          Petitioner's threshold arguments are without merit.  It is clear that each of the state habeas

23   petitions filed by petitioner was denied as untimely.  In this regard, it is well established that this

24   court must "look through" to the last reasoned state court decision to assess the rationale

25   underlying a subsequent summary denial of the petition by the California Court of Appeal or

26   California Supreme Court.  As the Ninth Circuit has recently observed:

27

28   [3]  Respondent did not file a reply in support of the motion to dismiss.

4

1

2
>Under AEDPA, we review the last reasoned state-court decision.
>Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005).  When a
>state court does not explain the reason for its decision, we 'look
>through' to the last state-court decision that provides a reasoned
>explanation capable of review.  Shackleford v. Hubbard, 234 F.3d
>1072, 1079 n.2 (9th Cir. 2000).

3

4

5   Murray v. Schriro, 745 F.3d 984, 996 (9th Cir. 2014).

6          In the present case, the last reasoned state court decision was issued by the Sacramento

7   County Superior Court on October 22, 2012.  (Resp. Exh. C.)  That court initially noted that,

8   "[o]ne year and three days after the judgment in Sacramento County Superior Court Case No.

9   07F05278 became final, petitioner signed and had mailed the instant habeas corpus petition to

10  challenge that judgment."  (ECF No. 13 at 10, Ex. C.)  See n.1, supra.  The Sacramento County

11  Superior Court then expressly found that the habeas petition before it was untimely filed, and that

12  each specific claim brought by petitioner was "barred by Robbins/Clark."  (See ECF No. 13, Ex.

13  C) (citing In re Clark, 5 Cal. 4th 750, 774-75, 787-98 (1993) and In re Robbins, 18 Cal.4th 770,

14  811-12, 812 n.32 (1998).)  The Sacramento County Superior Court's express denial of

15  petitioner's habeas petition on timeliness grounds is underscored by the Supreme Court's

16  observation that "California courts signal that a petition is denied as untimely by citing the

17  controlling decisions, i.e., Clark and Robbins."  Walker v. Martin, ___U.S. ___, 131 S. Ct. 1120,

18  1124 (2011).  Although the Sacramento County Superior Court here also addressed the merits of

19  petitioner's claims, it did so to assess whether petitioner had demonstrated any exception to the

20  timeliness bar,[4] and found that he had not.  "A state court's application of a procedural rule is not

21  undermined where, as here, the state court simultaneously rejects the merits of the claim."

22  Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003).

23          Because it is clear that petitioner's first state habeas petition was denied as untimely, the

24  summary denials of petitioner's subsequently-filed state habeas petitions are similarly construed.

25

26  [4]  The Superior Court noted that an untimely habeas petition is barred from review "unless  (1) it
    alleges facts which, if proven, would establish that a fundamental miscarriage of justice occurred
27  as a result of the proceedings leading to conviction, (2) the petitioner is presenting newly
    discovered claims after demonstrating due diligence, or (3) the petitioner is claiming that the
28  sentence is unauthorized . . . ."  (ECF No. 13 at 10, Ex. C; ECF No. 16 at 11, Ex. B.)

1    See Murray, 745 F.3d at 996 (this court must "look through" to the last reasoned state court

2    decision).  Moreover, because the state courts found that none of petitioner's habeas petitions

3    were "properly filed," none of them served to statutorily tolled AEDPA's limitation period.  See

4    28 U.S.C. § 2244(d)(2)( statutory tolling authorized only during the pendency of "a properly

5    filed" application for state court review); Artuz, 531 U.S. at 8 (a state petition is "properly filed,"

6    and qualifies for statutory tolling only if "its delivery and acceptance are in compliance with the

7    applicable laws and rules governing filings"); Pace, 544 U.S. at 417 (time limits are "filing

8    conditions," and a state court's rejection of a petition as untimely means that it was not "properly

9    filed" and not entitled to statutory tolling under § 2244(d)(2)).  For these reasons, the undersigned

10   finds no basis for statutory tolling of the statute of limitations in this case.

11        Petitioner contends, more broadly, that California's open-ended method for assessing the

12   timeliness of a habeas petition is so vague as to render it "inadequate" to support the denial of

13   petitioner's state habeas petitions and preclude federal habeas review.  Petitioner asserts that

14   California's timeliness procedures lack "clear and certain" guidelines, and thereby fail to provide

15   petitioners with adequate notice to achieve compliance.  Plaintiff's contention is framed by the

16   rule that federal habeas courts "will not review a question of federal law decided by a state court

17   if the decision of that court rests on a state law ground that is independent of the federal question

18   and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 726-29 (1991).

19   "[T]he independent and adequate state ground doctrine . . . applies to bar federal habeas when a

20   state court declined to address a prisoner's federal claims because the prisoner had failed to meet

21   a state procedural requirement."  Id. at 729-30.  See also Martinez v. Ryan, __U.S.__, 132 S. Ct.

22   1309, 1316 (2012) ("a federal court will not review the merits of claims, including constitutional

23   claims, that a state court declined to hear because the prisoner failed to abide by a state procedural

24   rule"); Murray, 745 F.3d at 1015 (the doctrine of procedural default is grounded in federalism).

25        The Supreme Court has ruled that a discretionary rule for assessing the timeliness of a

26   state habeas petition, like that applied in California, may qualify as an "adequate" state law

27   ground precluding federal review.  Beard v. Kindler, 558 U.S. 53, 60-1 (2009).  Moreover, the

28   Supreme Court has specifically considered California's procedures for assessing the timeliness of

1   a habeas petition,[5] and rejected challenges nearly identical to those raised by petitioner here.  See

2   Walker, 131 S. Ct. 1120.  In Walker, the Supreme Court found "no basis for concluding that

3   California's timeliness rule operates to the particular disadvantage of petitioners asserting federal

4   rights," and, therefore, there was "no inadequacy in California's timeliness rule generally or as

5   applied" to the petitioner.  Walker, 131 S. Ct. at 1131.  This holding by the Supreme Court

6   mandates the rejection of petitioner's arguments in this case that California's timeliness rules are

7   generally "vague" and "uncertain," and fail to provide adequate notice to petitioners.  See

8   Branner v. Chappell, No. C–90–3219 DLJ, 2014 WL 582811, at *4 (N.D. Cal. Feb. 13, 2014)

9   (finding that, because petitioner's defaults occurred in 2000, "long after Clark and Robbins were

10   decided," the holding of Martin confirmed that "California's untimeliness default was both

11   independent and adequate to bar federal review").

12        Petitioner further argues that California's timeliness rules, as applied to him, failed to

13   allow for equitable considerations premised on his "due diligence," as allegedly demonstrated by

14   his "need for discovery,"[6] and the lack of continuous access to legal materials due to institutional

---

15
16   [5]  The Supreme Court summarized California's timeliness procedures with respect to habeas actions as follows:

17
18           California does not employ fixed statutory deadlines to determine
             the timeliness of a state prisoner's petition for habeas corpus.
             Instead, California directs petitioners to file known claims "as
19           promptly as the circumstances allow."  In re Clark, 5 Cal. 4th 750,
             65 n.5 (1993).  Petitioners are further instructed to state when they
20           first learned of the asserted claims and to explain why they did not
             seek postconviction relief sooner.  In re Robbins, 18 Cal. 4th 770,
21           780 (1998).  Claims substantially delayed without justification may
             be denied as untimely.  Ibid.; Clark, 5 Cal. 4th, at 765 n.5 . . . .
22           While most States set determinate time limits for collateral relief
             applications, in California, neither statute nor rule of court does so.
23           Instead, California courts "appl[y] a general 'reasonableness'
             standard" to judge whether a habeas petition is timely filed.  Carey
24           v. Saffold, 536 U.S. 214, 222 (2002).

25   Walker, 131 S. Ct. at 1124-25.

26   [6]  In support of his argument for equitable tolling, petitioner has submitted copies of orders issued
     by the Sacramento County Superior Court addressing his discovery requests prior to his filing of
27   his first state habeas petition on August 27, 2012.  Those orders indicate as follows.  On
     September 8, 2011, the court denied petitioner's request for free copies of the Clerk's Transcript
28   and the Reporter's Transcript from his trial on the ground that free copies had already been

7

1    transfers.[7]  However, both of these alleged grounds for equitable tolling impacted the timing and

2    timeliness of petitioner's initial habeas filing in state court and should, therefore, have been

3    directed to the state courts.

4         Nevertheless, the court liberally construes these asserted grounds for equitable tolling as

5    alleged "causes" excusing petitioner's procedural default.

6              In all cases in which a state prisoner has defaulted his federal
               claims in state court pursuant to an independent and adequate state
7              procedural rule, federal habeas review of the claims is barred unless
               the prisoner can demonstrate cause for the default and actual
8              prejudice as a result of the alleged violation of federal law, or
               demonstrate that failure to consider the claims will result in a
9              fundamental miscarriage of justice.

10   Coleman, 501 U.S. at 750.  In general, "cause" means "some objective factor external to the

11   defense" that impeded petitioner's efforts to comply with the state procedural requirement,

12   McCleskey v. Zant, 499 U.S. 467, 493 (1991), while "prejudice" means that "there is a reasonable

13   probability that, but for [the asserted cause], the result of the proceeding would have been

14   different," and the "probability [is] sufficient to undermine confidence in the outcome,"

15

16   provided to petitioner's appointed appellate counsel and denied without prejudice his request for
17   an order directing the prosecutor to turn over petitioner's case file, discovery and police reports
     on the ground that petitioner could renew his motion pursuant to California Penal Code § 1054.9).
18   (ECF No. 16 at 19-22, Ex. E.)  On October 13, 2011, the court established a discovery and
     briefing schedule in response to petitioner's motion for post-conviction discovery from the
19   prosecution brought pursuant to California Penal Code § 1054.9.  (ECF No. 16 at 23-5, Ex. F.)
     On November 16, 2011, the court extended that discovery and briefing schedule.  (ECF No. 16 at
20   26-7, Ex. G.)  On January 5, 2012, the court noted a declaration from petitioner's counsel
     indicating that he had provided a complete copy of all discovery to petitioner, ordered petitioner
21   to reimburse the prosecution for providing duplicate discovery to him, and denied petitioner's
     motion for further post-conviction discovery.  (ECF No. 16 at 28-30, Ex. H.)  On February 16,
22   2012, the court directed the prosecution to respond to petitioner's motion to compel discovery.
     (ECF No. 16 at 33-4, Ex. J.)  Finally, on February 22, 2012, the court denied petitioner's request
23   to compel further post-conviction discovery.  (ECF No. 16 at 31-2, Ex. I.)

24
     [7]  This court's docket reflects no institutional transfers since petitioner commenced this federal
25   action on June 3, 2013.  Petitioner has not specified the dates or locations associated with his
     institutional transfers.  However, available information indicates that these transfers occurred
26   prior to his filing of his initial state court petition.  Specifically, it appears that petitioner was
     transferred from Deuel Vocational Institution to Pelican Bay State Prison (PBSP) in February
27   2010 and was transferred from PBSP to California State Prison-Corcoran  (CSP-COR) sometime
     between February and August 2012.
28

1    Strickland v. Washington, 466 U.S. 668, 694 (1984).

2           Construing petitioner's arguments in a manner consistent with these principles, the

3    undersigned is not persuaded that either asserted "cause" significantly impeded petitioner's ability

4    to timely file his initial state petition.  Review of the Sacramento County Superior Court's

5    discovery orders indicates that petitioner received all available discovery no later than October

6    19, 2011.  See n.6, above.   Review of petitioner's institutional transfers, to the extent discernable

7    since petitioner has failed to provide specific supporting information, suggests that petitioner was

8    incarcerated at PBSP from February 2010 to at least February 2012, and was transferred to CSP-

9    COR sometime between February and August 2012.  See n.7, above.  The undersigned finds that

10   neither of these alleged "causes" was of sufficient duration to excuse the delayed filing of

11   petitioner's initial state court petition in August 2012.  Thus, while a petitioner can overcome a

12   state court procedural default by demonstrating cause for the default as well as actual prejudice,

13   the undersigned here finds that petitioner has failed to demonstrate either.  Nor has petitioner

14   demonstrated that this court's resulting failure to consider his habeas claims will result in a

15   fundamental miscarriage of justice.  See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003);

16   Hurles v. Ryan, ___F.3d___,___, 2014 WL 1979307, at *6 (9th Cir. May 16, 2014).

17          Having reviewed each of petitioner's arguments in opposition to respondent's motion to

18   dismiss, the court finds that the federal habeas petition pending before this court was untimely

19   filed.  The filing of the instant petition on June 3, 2013, was approximately six and one half

20   months after the AEDPA statute of limitations had expired on November 16, 2012.  As a result,

21   this court is precluded from considering the merits of petitioner's federal claims.  See Martinez,

22   132 S. Ct. at 1316 (procedural default precludes federal review).

23   V.  Conclusion

24          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

25          1.  Respondent's motion to dismiss (ECF No. 13), be granted; and

26          2.  This action be closed.

27          These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

9

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner

may address whether a certificate of appealability should issue in the event he files an appeal of

the judgment in this case.  See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal

may not be taken from the final decision of a district judge in a habeas corpus proceeding or a

proceeding under 28 U.S.C. § 2255).  Any response to the objections shall be served and filed

within seven days after service of the objections.  Failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

Dated:  June 20, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mack1110.mtd.hc